UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Easley,
    Plaintiff

    vs

Deborah Nixon-Hughes, et. al.,

    Defendants

Case No. 1:06-cv-863

**REPORT AND RECOMMENDATION**
(Dlott, J.; Hogan, M.J.)

    This matter is before the Court on Defendants' (Nixon-Hughes, Huffman, Collins, Prise and Newsome) Motion to Dismiss (Doc. 11), and Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 12).

## BACKGROUND

    Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") placed at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against three administrators at ODRC Central Office, Defendants Deborah Nixon-Hughes, Chief of Mental Health Services; Terry Collins, Director; Steve Huffman, Regional Administrator. Also named as defendants are SOCF Deputy Warden of Operations David Newsome, SOCF Mental Health Administrator Dirk Prise, and Doctor Moomaw, ODRC Director of Clinical and Psychiatric Services.[1]

    Plaintiff's Complaint alleges that he is mentally ill and has attempted suicide on numerous occasions. He alleges that he is being denied adequate treatment for his mental illness and is being punished for being mentally ill by being placed in a "23-1 hour isolation" cell with "supermax" conditions. He states that mentally ill inmates are improperly mixed in with non-mentally ill inmates, and that untrained corrections officers are used to perform suicide watches

---

[1] To date, Defendant Moomaw has not been served with the summons in this case. Therefore, Defendants' motion is limited to the other five Defendants.

and distribute mental health medications. Plaintiff alleges that on one occasion he was placed on a suicide watch and attempted suicide while the officer assigned to monitor him slept. He further alleges that another corrections officer refused to summon mental health personnel and told Plaintiff to hang himself. He alleges that the ODRC defendants have established and enforced the mental health policies and procedures under which he is incarcerated and that the SOCF defendants have carried out the policies in his particular case. Plaintiff seeks declaratory, injunctive and monetary relief.

Defendants, in their Motion to Dismiss, argue that Plaintiff has failed to state a claim on which relief may be granted and has failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## OPINION

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the [counterclaim] plaintiff, accept all factual allegations as true, and determine whether the [counterclaim] plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.)(citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993), *cert. denied*, 117 S.Ct. 510 (1996); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Barrett v. Harrington*, 130 F.3d 246 (6th Cir. 1997), *cert. denied*, 523 U.S. 1075 (1998)("In considering a motion to dismiss for failure to state a claim, the Court is required to take as true all factual allegations in the complaint."); *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1025 (6th Cir. 1990), *cert. denied*, 498 U.S. 1086 (1991). However, the Court need not accept as true a legal conclusion couched as a factual allegation or unwarranted factual inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *See also Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is undisputed that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). However, the Supreme Court in *Jones*, has recently concluded that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones*, 127 S.Ct. at 921. Moreover, the Supreme Court has held that nothing in the PLRA "imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's rule in *Burton v. Jones,* 321 F.3d 569, 575 (2003). As such, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 923.

Finally, the Supreme Court has held that the PLRA does not require dismissal of the entire complaint when an inmate has failed to exhaust some, but not all, of the claims included in the complaint. *Id.* at 923-26 *abrogating Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005)(holding that the PLRA requires total exhaustion). Thus, when a prisoner files a civil-rights complaint containing exhausted and unexhausted claims, the prisoner can proceed with his exhausted claims despite the dismissal of his unexhausted claims for failure to exhaust." *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006) (citing *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574 n. 2 (6th Cir. 2003); *Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999)). *See also Bell v. Konteh,* 450 F.3d 651, 654 (6th Cir. 2006). Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. "When a prisoner's complaint contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed." *Bell,* 450 F.3d at 654 (citing *Spencer*, 449 F.3d at 726; *Burton*, 321 F.3d at 574 n. 2; *Hartsfield*, 199 F.3d at 309-10).

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or

Inspector of Institutional Services. First, an inmate initiates the grievance procedure by filing an informal complaint with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. Ohio Admin. Code § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction. Ohio Admin. Code § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the Chief Inspector, and the Chief Inspector's decision is final. Ohio Admin. Code § 5120-9-31(L).

In the instant case, Plaintiff has sued four ODRC Central Office administrators and two SOCF employees. While Defendants acknowledge Plaintiff's claim that he was not permitted to file grievances against the four ODRC Central Office administrators, Defendants contend that Plaintiff failed to file anything more than an informal complaint against the remaining two SOCF employees. In response to Defendants' exhaustion argument, Plaintiff submitted copies of the Chief Inspector's decisions denying grievances filed by Plaintiff alleging that he was "punished for being mentally ill," and asking that mentally ill inmates not be placed in segregation or 4B, but rather, be placed in the Residential Treatment Unit ("RTU") or transferred to Oakwood Correctional Facility. (Doc. 12, Attachment 1, Grievance Nos. 02-06-004, 03-06-005). These denials constitute final decisions with respect to Plaintiff's grievances. We find, therefore, that Plaintiff has satisfied the exhaustion requirement with respect to these claims.

Defendants further contend that Plaintiff has no right to placement in any particular institution nor in any particular unit. While it is true that Prisoners have no *inherent* constitutional right to placement in a particular institution, *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montayne v. Haymes,* 427 U.S. 236, 242 (1976), or to a particular security classification within the institution. *Hewitt v. Helms*, 459 U.S. 460, 468-69 (1983), we do not read Plaintiff's Complaint so narrowly. Plaintiff's Complaint raises claims of deliberate indifference to medical needs and failure to protect in violation of the Eighth Amendment. Plaintiff's alleges that he is mentally ill and has attempted suicide on numerous occasions. He alleges that he is being denied

adequate treatment for his mental illness and is being punished for being mentally ill by being placed in a "23-1 hour isolation" cell with "supermax" conditions. He states that mentally ill inmates are improperly mixed in with non-mentally ill inmates, and that untrained corrections officers are used to perform suicide watches and pass out mental health medications. Plaintiff alleges that on one occasion he was placed on a suicide watch and attempted suicide while the corrections officer who was supposed to be monitoring him slept. He further alleges that another corrections officer refused to summon mental health personnel and told Plaintiff to hang himself. He alleges that the ODRC Defendants have established and enforce the mental health policies and procedures under which he is incarcerated and that the SOCF Defendants have carried out the policies in his particular case. Plaintiff seeks declaratory, injunctive and monetary relief.

Upon *sua sponte* review of Plaintiff's Complaint, the Court found that, "[b]ecause it does not appear beyond doubt that Plaintiff can prove no facts in support of his Eighth Amendment constitutional claims, *Brown*, 207 F.3d at 867, Plaintiff's Complaint shall be permitted to proceed." (*See* Doc. 9). Despite Defendants arguments to the contrary, we find that nothing has changed.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Id.* at 32.

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); see also *Estelle*, 429 U.S. at 106. Where medical assistance

has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 114 S.Ct. 1970, 1984 (1994).

To establish his Eighth Amendment claim against prison officials based on their failure to protect him from attack by other inmates, Plaintiff must present evidence showing that Defendants' conduct amounts to "deliberate indifference" to a known risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *Marsh v. Arn*, 937 F.2d 1056, 1060-61 (6th Cir. 1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir. 1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835; *Gibson*, 963 F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Accepting Plaintiff's factual allegations as true, we do not find that Plaintiff undoubtedly can prove no set of facts in support of his Eighth Amendment claims that would entitle him to relief. *See Cline*, 87 F.3d at 179.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion to Dismiss (Doc. 11) be DENIED.

Date: 9/30/08
9/30/2008

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United* States *v. Walters*, 638 F.2d 947 (6th Cir. 1981).

C:\Documents and Settings\hillaw\Local Settings\Temp\notes721D2D\~3244434.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Easley #306-400
PO Box 45699
Lucasville, OH 45699

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 0710 0000 8134 9175

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:06cv863  (Doc. 14)