UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Easley,
    Plaintiff

Case No. C-1-06-863

vs

Deborah Nixon-Hughes, et al.,
    Defendants

**REPORT AND RECOMMENDATION**
(Dlott, J.; Hogan, M.J.)

This matter is before the Court on Defendants' (Nixon-Hughes. Huffman, Collins, Prise and Newsome) Motion for Summary Judgment (Doc. 32). To date, Plaintiff has not filed a response to Defendants' motion.

## BACKGROUND

Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") placed at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against three administrators at ODRC Central Office, Defendants Deborah Nixon-Hughes, Chief of Mental Health Services; Terry Collins, Director; Steve Huffman, Regional Administrator. Also named as defendants are SOCF Deputy Warden of Operations David Newsome, SOCF Mental Health Administrator Dirk Prise, and Doctor Moomaw, ODRC Director of Clinical and Psychiatric Services.[1]

Plaintiff's Complaint alleges that he is mentally ill and has attempted suicide on numerous occasions. He alleges that he is being denied adequate treatment for his mental illness and is being punished for being mentally ill by being placed in a "23-1 hour isolation" cell with "supermax" conditions. He states that mentally ill inmates are improperly mixed in with non-mentally ill inmates, and that untrained corrections officers are used to perform suicide watches and distribute mental health medications. Plaintiff alleges that on one occasion he was placed on a suicide watch and attempted suicide while the officer assigned to monitor him slept. He further alleges that another corrections officer refused to summon mental health personnel and told Plaintiff to hang himself. He alleges that the ODRC defendants have established and enforced the mental health policies and procedures under which he is incarcerated and that the SOCF defendants have carried out the policies in his particular case. Plaintiff seeks declaratory,

---

[1] To date, Defendant Moomaw has not been served with the summons in this case. The Ohio Attorney General has filed a separate motion to dismiss on his behalf for failure of service. Therefore, Defendants' motion is limited to the other five Defendants.

injunctive and monetary relief.

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Because Plaintiff's Complaint is not verified, it may not be used as an opposing affidavit

2

under Fed. R. Civ. P. 56.[2] *See Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283 at * 2 (6th Cir. Feb. 21, 2008)(citing *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)).

As an initial matter, we find that Plaintiff's claims are barred by the doctrine of *res judicata*. Under Ohio law, the Court is required to compare the facts in the prior action to the facts relevant to the allegedly barred action. If those facts are substantially the same, the subsequent action is barred by *res judicata*. *State ex. Rel. White v. Franklin County Board of Elections*, 600 N.E.2d 656 (Ohio 1992). Plaintiff is required to assert all possible bases for relief related to a given subject matter in his initial action and will not be permitted to bring subsequent actions based upon the same subject matter even though he asserts such under new legal theories. *National Amusements v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990). Moreover, exact identity of parties is not required as long as the parties against whom the later action is asserted are in sufficient privity to the parties in the previous action.

In a previously dismissed case, Plaintiff sued Defendants Collins, Nixon-Hughes, Prise, as well as others, alleging that he was confined to segregation, denied mental health hospitalization, denied mental health treatment, had received medication forcibly, and that staff was untrained in dealing with mentally ill inmates. *See Easley v. Collins*, No. 1:06cv431 (S.D. Ohio)(Beckwith, J.). In that case, we found that Plaintiff had offered no evidence to establish that the treatment he had received[3] amounted to deliberate indifference to his serious medical needs. Moreover, the Court found that Plaintiff did not have a right to placement in any particular institution nor in any particular unit.

In the present case, Plaintiff is suing the same four defendants, as well as ODRC and SOCF staff. Plaintiff claims that he is being denied adequate treatment for his mental illness and is being punished for being mentally ill by being placed in a "23-1 hour isolation" cell with "supermax" conditions. He states that mentally ill inmates are improperly mixed in with non-mentally ill inmates, and that untrained corrections officers are used to perform suicide watches and distribute mental health medications. Plaintiff alleges that on one occasion he was placed on a suicide watch and attempted suicide while the officer assigned to monitor him slept. He further alleges that another corrections officer refused to summon mental health personnel and told Plaintiff to hang himself. He alleges that the ODRC defendants have established and enforced the mental health policies and procedures under which he is incarcerated and that the SOCF defendants have carried out the policies in his particular case.

---

[2] To verify a complaint, Plaintiff must swear or affirm that the facts in the complaint are true "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. The allegations contained in a verified complaint "'have the same force and effect as an affidavit" for purposes of responding to a motion for summary judgment." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

[3] The Court found that Plaintiff failed to offer evidence to rebut Defendants' showing that Plaintiff had been placed on constant suicide watch and administered medication rather than being transferred to a mental health facility. (Doc. 32, Ex. C, at 9).

3

As we found in *Easley v. Collins*, we find in the present case that Plaintiff has failed to offer evidence supporting his allegations. Moreover, the issues in the case *sub judice* mirror those asserted, and litigated, in *Easley v. Collins*. For this reason, we find that *res judicata* bars Plaintiff's present claims against Defendants.

Additionally, Plaintiff makes no specific factual allegations against Defendants Collins, Huffman and Nixon-Hughes with respect to this constitutional claims. Liability under § 1983 cannot be premised on the doctrine of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A supervisor cannot be held liable unless there is evidence he directly participated in or encouraged the specific incident of misconduct. *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421; *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). Where a supervisor is found to have abandoned the specific duties of his position, such as adopting and implementing a particular operating procedure, liability is direct, not vicarious. *Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76 (6th Cir. 1995). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 1763 (1999). Plaintiff alleges only that Defendants Collins, Huffman and Nixon-Hughes are employed at ODRC Central Office and that they "enforce these rules and policies and post orders to be carried out by Defendants Prise, David Newsome and other employee's they are the directors and administrators." (Complaint at 6). Plaintiff has further failed to allege any facts establishing direct involvement by either Defendant Prise or Newsome. For these reasons, we find that summary judgment is appropriate in favor of these Defendants.

Lastly, the Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Id.* at 32.

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th

4

Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); see also *Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 114 S.Ct. 1970, 1984 (1994).

Plaintiff has offered no evidence demonstrating a deliberate indifference on the part of Defendants to Plaintiff's serious medical needs. Plaintiff was under a constant suicide watch, acting disruptively, attempting to destroy state property and threatening self-harm. The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that, once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Helling*, 509 U.S. at 32. Additionally, the Supreme Court has made clear that Plaintiff has no constitutional right to a particular security classification or housing assignment. *See Sandin*, 515 U.S. 472, 483-84 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468-69 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

In the present case, the evidence submitted demonstrates that Plaintiff's condition can be treated and managed outside the SOCF mental health unit. The evidence also reflects that Plaintiff's behavior is too disruptive for the mental health unit and places other inmates at risk. (Doc. 1, Ex. B at 11-12). Defendants have offered evidence establishing that it was necessary to forcibly medicate Plaintiff in order to protect him from self-destruction and self-injury. Plaintiff has offered no evidence to rebut this. To the extent Plaintiff disagrees with the course of treatment, namely administering Thorazine rather than transferring him to a mental facility, such does not amount to deliberate indifference under the Eighth Amendment. The decision of prison officials and doctors to follow one course of treatment over another does not amount to deliberate indifference under the Eighth Amendment. *See Estelle*, 429 U.S. at 107-108; *Westlake*, 537 F.2d at 860-861 n.5. For these reasons, we find that Plaintiff has failed to demonstrate deliberate indifference by Defendants to Plaintiff's serious medical needs.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' (Nixon-Hughes. Huffman, Collins, Prise and Newsome) Motion for Summary Judgment (Doc. 32) be GRANTED.

2) Plaintiff's Complaint be DISMISSED and this case BE TERMINATED upon the Court's docket.

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/22/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✓ ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) │ C. Date of Delivery |
| 1. Article Addressed to:<br>David Easley 306-400<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 3851 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:06cv863 (Doc. 35)